```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                            BECKLEY

CARLOS ELDRIDGE,

        Petitioner,

v.                                    Case No. 5:07-cv-00576

T. R. CRAIG, Warden,
FCI Beckley,

        Respondent.
```

### PROPOSED FINDINGS AND RECOMMENDATION

On September 17, 2007, Petitioner filed an Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus, asking the court to enjoin Respondent from "holding unlawful detainer against Petitioner and esstop [sic] from transferring him to a mix-matched security institution." (Application, docket # 1, at 7.) He also filed a "Motion for Temporary Injunction to Enjoin the Custodian from Transferring Custody of Petitioner from Territorial Jurisdiction of this Court during the Habeas Corpus Action." (# 3.)  This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### PROCEDURAL HISTORY AND PETITIONER'S RELEVANT CLAIMS

Petitioner is serving a 63 month period of imprisonment

imposed by the U.S. District Court for the Middle District of Tennessee, to be followed by a three year term of supervised release, as a result of his guilty pleas to possessing with intent to distribute oxycodone and methamphetamine, and being a felon in possession of a firearm. United States v. Eldridge, No. 2:06-00009 (M.D. Tenn. Jan. 26, 2007, Judgment in a Criminal Case, docket # 28).

The Application (which was obviously prepared with the assistance of inmate Michael Kokoski, a frequent litigator in this court), alleges that Petitioner is subject to "illegal execution of sentence," relating to a detainer from the State of Florida which is lodged against him. (App., # 1, at 6.) Petitioner claims that the detainer, based on a three year sentence which is to run concurrently with his federal sentence, has increased his custody classification so that he is designated to a higher security institution than is appropriate. Id., at 7. The Motion seeks an injunction to be issued, preventing his transfer to another institution.

## ANALYSIS

Petitioner admits that he has failed to exhaust his administrative remedies, as required by 28 C.F.R. § 542.10 *et seq.* ("The purpose of the Administrative Remedy Program is to allow an inmate to seek formal review of an issue relating to *any* aspect of his/her own confinement.") [Emphasis supplied.] See, United States

<u>v. Wilson</u>, 503 U.S. 329, 335-36 (1992).  <u>Id.</u>, at 5.  He attempted to resolve the complaint informally, and he appealed to the Warden, but he did not appeal to the Regional Director of the Bureau of Prisons.  <u>Id.</u>  He claims that complying with the Administrative Remedy Procedure would be futile because he will be transferred prior to completing the Procedure.  <u>Id.</u>  Petitioner's claim of futility is unpersuasive; he does not have a right to be incarcerated at a particular level of security while he is pursuing his administrative remedies.

The undersigned proposes that the presiding District Judge **FIND** that Petitioner has failed to exhaust his administrative remedies.  Accordingly, it is respectfully **RECOMMENDED** that the Motion for Temporary Injunction be **DENIED** and that this action be dismissed without prejudice.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections), and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to

which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on Judge Johnston and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner.

September 27, 2007
         Date

Mary E. Stanley
United States Magistrate Judge